UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| WILMA PATRICIA PARRA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:23-CV-00070 |
| | ) | |
| WORLD LEARNING, INC., | ) | |
| Defendant. | ) | |

# DEFENDANT'S MOTION TO STAY DISCOVERY PENDING DISPOSITION OF DEFENDANT'S MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS

Defendant World Learning, Inc. ("WLI") moves this Court to extend the time to file a discovery schedule and to stay discovery until 14 days after the Court has issued its decision on WLI's Motion to Dismiss filed June 16, 2023.  The undersigned certifies that WLI has made a good faith attempt to obtain, but has not obtained, the Plaintiff's agreement to the requested relief.

## MEMORANDUM OF LAW

On June 16, 2023, WLI moved to dismiss this case under the doctrine of *forum non conveniens.*  WLI's Motion avers that although WLI is headquartered in Vermont and subject to this Court's jurisdiction, every other aspect of this proceeding is more appropriately handled by Bolivian courts:  Plaintiff is a Bolivian national and not a United States citizen; the suit arises from an employment relationship entered into in Bolivia; all claims in the suit are rooted in Bolivian law or a contract entered into in Bolivia and governed by Bolivian law, and WLI has counterclaims against Plaintiff under Bolivian law.  Most of the relevant witnesses and evidence are in Bolivia and are beyond this court's compulsory process, and the Bolivian courts may not give effect to any judgment entered by this court.  The Bolivian courts are available and best able

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

to adjudicate Plaintiff's claims, and WLI will submit to their jurisdiction. WLI's Motion is supported by 1) the Affidavit of WLI's authorized representative, Lisa Rae; 2) WLI's Certification of Submission to Bolivian Jurisdiction; and 3) the Attestation of Bolivian legal counsel, Ivan Arzabe Ascarrunz, of the firm C.R.&F. Rojas in Cochabamba, Bolivia. In the event the Court grants WLI's Motion to Dismiss, the matter before this Court will be resolved, and no further action required on the part of either party.

Although a motion to dismiss does not automatically stay discovery, the court has discretion to stay discovery for good cause. *Miller v. Brightstar Asia, Ltd*., 2020 WL 7483945 (S.D.N.Y. 2020) (granting stay of discovery pending motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6)). "Good cause" is analyzed by the application of three factors: (1) whether the defendant has made a strong showing that the plaintiff's claim is non-meritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citations omitted). Moreover, federal courts should not proceed unnecessarily with merits discovery in a case over which the court may not have subject matter jurisdiction. *Id., citing Hong Leong Finance, Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 85 Fed. R.Serv.3d 1099 (S.D.N.Y. 2013).

Here, all the relevant factors support staying discovery pending the disposition of WLI's Motion to Dismiss. The "strong showing" factor does not require the court to make the ultimate and final determination as to whether the defendant will succeed on the motion to dismiss; it is sufficient that the motion presents "substantial grounds" for dismissal. *Cota v. Art Brand Studios, LLC*, 2022 WL 76110, *1 (S.D.N.Y. 2022); *Cohen v. United States*, 2022 WL 2181457, *1 (S.D.N.Y. 2022) (granting stay). WLI's Motion clearly presents "substantial grounds" for

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

dismissal of all of Plaintiff's claims. While the scope of any discovery Plaintiff may seek is not yet known, WLI will not be able to avail itself of this Court's compulsory process to obtain the discovery it will require in connection with its claims against Plaintiff, all of which involve events, witnesses, and records located in Bolivia. Finally, there is no risk of unfair prejudice to Plaintiff, whose right to discovery with respect to her Bolivian claims should be limited to whatever would be permitted in the Bolivian courts. Even if the Motion to Dismiss were to be denied, there can be no credible claim that Plaintiff would be prejudiced by the time it will take the Court to consider the Motion and rule on it. *Cota, supra*. This Court should not permit merits discovery in this case until and unless WLI's Motion is denied.

**WHEREFORE**, WLI requests that the Court stay discovery in this matter, including initial disclosures under Rule 26(a), until the Court has issued its ruling on WLI's Motion to Dismiss.

DATED at Burlington, Vermont, this 27th day of June, 2023.

>WORLD LEARNING, INC.
>
>BY:  PAUL FRANK + COLLINS P.C.
>
>By:  */s/ Stephen D. Ellis*
>     Stephen D. Ellis, Esq.
>     P.O. Box 1307
>     Burlington, VT  05402-1307
>     T:  (802) 658-2311
>     F:  (802) 658-0042
>     E:  sellis@pfclaw.com

8896615_1:13760-00008