UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| WILMA PATRICIA PARRA REVUELTA, Plaintiff<br><br>V.<br><br>WORLD LEARNING, INC.<br>Defendant | **CASE NO. 2:23-cv-00070** |
|---|---|

### DECLARATION OF CARMEN ROCIO JIMENEZ ALVARELLOS

I, Carmen Rocio Jimenez Alvarellos, declare under oath and the penalty of perjury that based on my personal knowledge, the following facts are true to the best of my information and belief, pursuant to 28 U.S.C. §1746:

1. My name is Carmen Rocio Jimenez Alvarellos. I have been an attorney in Bolivia for 28 years.

2. Neither World Learning nor School for International Training ("SIT") has nor has ever had legal entity status ("*personería jurídica*") in Bolivia, which means that it does not have and has never had any legal domicile in our country. Bolivian Law 351 of March 2013 requires non-profit Civil Institutions to register and designate an individual as a Legal Representative ("*Representante Legal*") who could be served with a legal summons.

3. In Bolivia, World Learning did not have legal entity status, and never registered as a non-profit Civil Institutions as required by Bolivian law. World Learning's SIT program escaped notice for many years by claiming to be a program of the Universidad Mayor de San Simón, a public university in Cochabamba.

4. A Bolivian judge cannot issue a legal summons to an Employer who has no domicile or residence in our country, since the summons accompanying the complaint must be

personal. In the case of a Collective or Legal Person, such as a corporation or a non-profit civil institution, the Legal Representative of said institution must be served.

5. In our system of law, a Legal Representative is not an attorney who represents the interests of a client in court. Instead, a Legal Representative can be ordered to guarantee payment of any judgment entered against the entity he or she represents, and can even be detained in the event of non-compliance.

6. I have reviewed the statement submitted by Attorney Ivan Arzabe Ascarrunz from the law firm C.R. & F. Rojas Abogados stating that "SIT has agreed to submit to the exclusive jurisdiction of the Courts of Justice of Cochabamba, Bolivia, for purposes of responding to Ms. Parra's claims under Bolivian law."

7. I am acquainted with Mr. Ivan Arzabe Ascarrunz. Mr. Arzabe Ascarrunz is not now and has not ever been the Legal Representative ("*Representante Legal*") for World Learning or SIT in Bolivia. Instead, Mr. Arzabe Ascarrunz is the attorney for SIT in Bolivia, which is known as an "*Apoderado Legal*" in our system of law.

8. A Bolivian court will not issue a summons to a lawyer for an entity or an "*Apoderado Legal*." A Bolivian court will only issue a summons to the Legal Representative. For World Learning, the Legal Representative should be the Chairman of the Board.

9. World Learning's representative in Bolivia, Heidi Baer, left Bolivia in February 2020 without having addressed any of World Learning's evasion of Bolivian taxes and labor and social security obligations. No current or former World Learning representatives or employees, other than Ms. Parra, and therefore no witnesses other than Ms. Parra, remain in Bolivia.

10. Since World Learning fled our country, Ms. Parra tried to make contact with the Representatives and the Director of SIT; however, they never responded and only issued vague threats to retaliate.

11. Accordingly, because World Learning and SIT have no Legal Representative in Bolivia—and no presence of any kind since February 2020 — Bolivian law provides no means by which Ms. Parra could pursue her claims in the Bolivian Courts of Justice. Indeed, I believe that if Ms. Parra were to present her claims in Bolivia, the case would be summarily dismissed because of the defendant's lack of standing ("*legitimación*") as it is an entity that has neither legal entity status, nor domicile, nor an accredited Legal Representative ("*Representante Legal*" in Bolivia.

12. n short, it is my opinion that Ms. Parra's suit cannot be brought in Bolivia and will not be entertained by the Bolivian judiciary, regardless of World Learning or SIT's assertions that they will somehow submit to Bolivian jurisdiction without having a legal presence in the country. For this reason, even though Ms. Parra is represented by counsel in Bolivia, she has had to exert considerable efforts to bring her suit in the United States, where World Learning's legal status is unchallenged.

13. If World Learning and SIT believe that there is some mechanism by which they may properly be sued in Bolivia, I would urge the Court to require them to identify such mechanism in detail and with particularity, with relevant citations to specific provisions of Bolivia's General Labor Law, the Labor Procedure Code, or other valid sources of law in Bolivia. Mr. Arzabe Ascarrunz's current statement does not identify any such mechanisms or any such sources of law – in my professional opinion such mechanisms do not exist.

14. Article 42 of the Labor Procedure Code D.L. No. 16896 of July 25, 1979 relating to the Jurisdiction and Competence of the Labor Courts, allows venue at the choice of the employee at any of the following: A) It can be by the place where the employee provided the work services, B) By the place of conclusion of the contract or employment relationships and C) By the domicile of the defendant, at the choice of the plaintiff. Because World Learning and SIT are domiciled in Vermont, venue is proper in Vermont at Ms. Parra's choice.

15. The Labor Procedure law, Art. 100, establishes Precautionary and Security Measures, which require employers to maintain assets in this country meant to guarantee the fulfillment of labor obligations. Upon information and belief, World Learning and SIT maintain no assets in Bolivia. A Bolivian judge cannot order an execution of a judgment with the auction of those assets if the defendant and the assets are in another country.

16. Lastly, the judiciary in Bolivia suffers from endemic corruption. There is no separation of powers between the organs of the State, and the judiciary does not function independently. Bribery is commonplace - in this sense, it is a risk that a process is carried out in which a party can bribe a magistrate to obtain a favorable outcome. Dr. Diego García Sayan, as a delegate of the United Nations, issued a very damning report last year regarding corruption in the Bolivian Judiciary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4th, 2023.

_____
Carmen Rocio Jimenez Alvarellos
CI 923184 Cochabamba, Bolivia

C. Rocio Jimenez A.
ABOGADA
M.C.A.C. Nº 1466
R.N.A. Nº 923184 CBJA