UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| WILMA PATRICIA PARRA, ) | |
|           Plaintiff, ) | |
| ) | |
|     v. ) | Case No.: 2:23-CV-00070 |
| ) | |
| WORLD LEARNING, INC., ) | |
|           Defendant. ) | |

## **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant World Learning Inc. respectfully submits the following Reply to Plaintiff Wilma Parra's Memorandum in Opposition to Defendant's Motion to Dismiss.

## **FACTS**

World Learning did not "disregard[] its obligations under Bolivian law, both as an employer and simply as a corporate entity doing business in the country." To the contrary, World Learning tried for years to register as a business entity in Bolivia and ultimately was able to register as a "Civil Society," which is a legal entity. In the meantime, it operated its SIT program under the auspices of a public university in Bolivia ("CESU") and set aside funds to provide for Plaintiff's benefits. Plaintiff then stole the money that had been set aside and entrusted to her care for that purpose, as well as money that had been entrusted to her to pay Bolivian language instructors, and fraudulently induced other Bolivian nationals to give her more money by falsely claiming she needed the money to pay bribes and "loan sharks" on behalf of World Learning. She was fired in February 2020 when her misconduct was uncovered. Following the termination of her employment, Plaintiff not only could, but did initiate a legal process in Bolivia asserting the very claims which she is now seeking to assert in this Court, but she abandoned that process, most likely to avoid criminal exposure in Bolivia. *See* attached

Declarations of Lisa Rae (Exhibit 4), and Pablo Rojas (Exhibit 5).

Plaintiff's opposition acknowledges that her claims against World Learning are subject to the exclusive jurisdiction of the Bolivian Labor Courts.  Doc. 17-1, at 4/4 ¶ 14.  World Learning did not "flee" Bolivia to evade those claims, as Plaintiff suggests.  Due to the coronavirus pandemic, World Learning was compelled to suspend its SIT programs around the world, including in Bolivia.  However, World Learning is, and always has been, prepared to respond to Plaintiff's claims under Bolivian law in Bolivia.  *See* attached Declarations of Lisa Rae (Exhibit 4), and Pablo Rojas (Exhibit 5).

## ARGUMENT

The parties agree that World Learning's motion to dismiss on *forum non conveniens* grounds requires a three-step inquiry: a) determine the degree of deference to be afforded Plaintiff's choice of forum; b) determine whether the alternative forum proposed by Defendant is adequate; and c) balance the private and public interests at stake.

*Choice of Forum.*  Plaintiff does not reside in the United States, is not a United States citizen, and is entirely asserting foreign law claims. Accordingly, there is no strong presumption in favor of her chosen forum.[1] Plaintiff's Opposition posits two considerations for her choice of forum: "first, Vermont is where the Defendant is amenable to process; second, Vermont is where the Defendant has assets that are available to satisfy a judgment."  Neither of these

---

[1] While United States citizens are owed significant deference in their choices of forum, the same degree of deference is not extended to non-citizens, such as Plaintiff Parra. *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 127 S.Ct. 1184, 1190-91 (2007) ("When the plaintiff's choice is not its home forum ... the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable.") (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-256 (1981)) (internal quotations omitted); *In re Air Cargo Shipping Services Antitrust Litigation*, No. MD 06-1775(JG)(VVP), 2008 WL 5958061 at *25 (E.D.N.Y. 2008) (report & recommendation) ("As the EU plaintiffs asserting foreign law claims are mostly foreign and have chosen a United States forum, their choice of forum deserves comparatively less deference [than United States residents]") (adopted in relevant part by *In re Air Cargo Shipping Services*, 2009 WL 3443405 (E.D.N.Y. 2009)) (aff'd by *In re Air Cargo Shipping Services Antitrust Litigation*, 697 F.3d 154 (2d Cir. 2012)); *accord Online Payment Solutions, Inc. v. Svenska Handelsbanken AB*, 638 F.Supp.2d 375, 380-83 (S.D.N.Y. 2009).

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

considerations justifies permitting Plaintiff to present her claims for Bolivian labor and social benefits to a federal court jury in Vermont, rather than in the specialized Bolivian Labor and Social Security courts with exclusive jurisdiction to adjudicate such claims.

Defendant is amenable to process in Bolivia, and to the extent there is any uncertainty, the dismissal in this court may be conditioned upon the Bolivian court's acceptance of jurisdiction and World Learning's acceptance of process. Plaintiff's speculation that she "may need to return to this Court in order to enforce a Bolivian judgment" is unfounded, and reflects the type of forum-shopping for litigation advantage that that weighs heavily against the foreign Plaintiff's choice of a U.S. forum.  *See Navarette De Pedrero v. Schweizer Aircraft Corp.*, 635 F.Supp.2d 251, 259-60 (W.D.N.Y. 2009) (citing *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003), cert denied 540 U.S. 1149 (2004))*; see also In re Hellas Telecommunications (Luxembourg) II SCA*, 555 B.R. 323, 346-47 (Bankr. S.D.N.Y. 2016) (cited in Plaintiff's Opposition, at 6).

In *Hellas Telecom*., the court reasoned:

> In this case, there is little reason to find that the United States is a convenient forum for the foreign Plaintiffs. First, turning to the Plaintiffs' motives in their choice of forum, it is difficult to argue that Plaintiffs' decision was motivated by genuine convenience, as the United States is not a convenient forum for the Plaintiffs, who reside in the U.K. In fact, the U.K. is the most convenient forum for the Plaintiffs. Second, it is arguable that the circumstances in this case may be 'indicative of forum shopping.' *Id.* Despite the fact that the Plaintiffs have recognized that 'England has the greatest interest in seeing its law applied to the claims alleged in the First Amended Complaint,' the Plaintiffs remain steadfast in their pursuit of an action in the United States . . . . It is conceivable that the Plaintiffs are fighting to keep this case in the United States because they seek a 'tactical advantage resulting from local laws' or they are hopeful of an advantage given the degree of unpredictability associated with an American court's interpretation of U.K. law. *Norex*, 416 F.3d at 155 (citing *Iragorri*, 274 F.3d at 72.)

(citations omitted).  The discussion of this issue in *Navarette* and *Pollux* is even more pointed:

> Bearing in mind that litigants rarely are concerned with promoting their adversary's convenience at their own expense, a plaintiff's choice of the defendant's home forum

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

3

over other fora where defendant is amenable to suit and to which the plaintiff and the circumstances of the case are much more closely connected suggests the possibility that plaintiff's choice was made for reasons of trial strategy. Accordingly, a plaintiff's choice to initiate suit in the defendant's home forum—as opposed to any other where the defendant is also amenable to suit—only merits heightened deference to the extent that the plaintiff and the case possess bona fide connections to, and convenience factors favor, that forum.

*Naverette*, 635 F. Supp.2 at 260; citing *Pollux*, 329 F.3d at 74.

Plaintiff has no bona fide connections to the District of Vermont, and no convenience factors favor this Court as the appropriate forum. Plaintiff is seeking a tactical advantage by submitting her Bolivian Labor and Social Security code claims to a Vermont judge and jury with no meaningful experience or frame of reference with respect to such matters, rather than the Bolivian Labor and Security courts with the specialized expertise and exclusive jurisdiction to decide such claims. She is also seeking a tactical advantage by availing herself of a discovery process that would not be available to her in the Bolivian courts in the more expedited Bolivian rules of procedure and depriving the tribunal of access to the witnesses and other evidence of her criminal conduct in Bolivia, while at the same time presumably seeking to take advantage of the provisions of those rules relating to pleadings, presumptions, and burdens of proof that are favorable to Bolivian employees. Most significantly, she is seeking a tactical advantage to avoid the potential of serious criminal exposure in Bolivia if she pursues her claims in Bolivia. None of this requires this Court to attempt to act as a Bolivian Labor and Social Security Court. To the contrary, it supports *forum non conveniens* dismissal.

Plaintiff's Opposition observes that World Learning's headquarters and management team "who presumably made decisions regarding employment matters" are in Vermont. However, Plaintiff does not suggest that she would need access to World Learning's headquarters or management team to pursue her claims for statutory benefits in Bolivia, which

she agrees are "calculated using mathematical formulas set out in Bolivian labor codes." Plaintiff's Opposition ignores the significant prejudice to World Learning that would result from depriving it of access to the evidence, legal processes, and specialized expertise of the specialized courts in Bolivia, to support its defenses. *See* Rojas Declaration, Exhibit 5.

*Alternative Forum.* Although World Learning has the burden to prove that there is an adequate forum for Plaintiff's claims elsewhere, "the standard imposed on a defendant to establish such adequacy is not heavy. . . . It is well established that an alternative forum is generally adequate if the defendants are amenable to suit in the other forum and the forum permits litigation of the subject matter of the dispute." *Online Payment Solutions*, 638 F.Supp.2d at 384-85 (internal citations omitted).

Plaintiff speculates that it is "not at all clear that Plaintiff could have obtained jurisdiction over Defendant in Bolivia." Plaintiff's Opposition rests on the false premise that World Learning is not amenable because it "has neither legal entity status, nor domicile, nor an accredited Legal Representative . . . in Bolivia." However, as established by the declaration of Pablo Rojas (Exhibit 5), World Learning is subject to the jurisdiction of the Bolivian Labor and Social Security courts and amenable to the process of those courts through its Bolivian subsidiary, World Learning Bolivia Civ. Soc.

Any concern about a lack of clarity on this issue is answered by *Schertentlieb v. Traum*, 589 F.2d 1156, 1164 (2d Cir. 1978), cited in Plaintiff's Opposition. (Doc. 17, 2/8). In *Schertentlieb*, a Swiss attorney sued a New York attorney for alleged abuse of process in Switzerland. The defendant moved to dismiss on forum non conveniens grounds. Because the plaintiff claimed defendant could not be sued in Switzerland without defendant's consent, the district court dismissed the case "on the condition that if plaintiff institutes suit in Geneva,

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Switzerland, defendant submits forthwith to the jurisdiction in that court.  Should the Swiss court refuse to exercise jurisdiction, or the defendant refuses to submit to jurisdiction, plaintiff may move in this court to restore this action." *Id*., at 1159-61.  In affirming, the Second Circuit reasoned, "[w]hen the alternative forum is foreign, particularly where, as here, it is a civil law country, our courts have difficulty discerning whether a non-resident defendant really would be subject to jurisdiction in the foreign country without his consent.  Indeed, the court may receive conflicting expert opinions on this issue." 589 F.2d at 1163. It held that conditional dismissal was appropriate to avoid attempting to parse "the intricacies of foreign jurisdictional law." *Id*., at 1163.[2]  *See also, Calavo Growers of Cal. v. Generaldi Belgium*, 632 F.2d 963, 968 n. 6 (2d Cir. 1980); *Agyenkwa v. Am. Motors Corp*., 622 F.Supp. 242, 244 n. 5 (E.D.N.Y. 1985) ("When confronted with a dispute between experts, the court may dismiss if it justifiably believes that there is an adequate alternative forum, so long as the dismissal is made conditional on defendant's consenting to suit elsewhere and on the transferee court's accepting jurisdiction") (internal quotes omitted).

Bolivia is a civil law country in which the claims Plaintiff seeks to assert are subject to the exclusive jurisdiction of specialized Labor and Social Security courts.  Although Bolivian Labor and Social Security Codes authorize Plaintiff's claims against World Learning with or without World Learning's consent, World Learning has expressly consented to respond to Plaintiff's claims in all courts of competent jurisdiction in Bolivia.[3]  *See* attached Declarations of

---

[2] The Second Circuit modified the judgment to add the additional condition that "defendant must waive any statute of limitations defense that has arisen since the commencement of this action in the Southern District." 589 F.2d at 1166.  As set forth in the attached Declaration of Pablo Rojas (Exhibit 5), Plaintiffs' claims are not subject to any statute of limitations in Bolivia.

[3] World Learning's initial Certification, Exhibit 2 (Doc. 9-2), consented to personal jurisdiction and legal process of the "Courts of Justice of Cochachamba, Bolivia," the situs of the allegations of Plaintiff's Complaint.  World Learning's subsequent investigation has confirmed that World Learning was incorporated and domiciled in La Paz, Bolivia, and that the Bolivian Labor Code confers exclusive jurisdiction over Plaintiff's claims to the Bolivian Labor and Security Courts, as the court of first instance, the National Court of Labor and Social Security, as the Court of

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Lisa Rae and Pablo Rojas, Exhibits 4 and 5.  Accordingly, conditional dismissal is appropriate.

Plaintiff's Opposition complains that "Defendant does not agree to respect a decision from the Bolivian courts, or to pay a judgment issued by the Bolivian courts."  Plaintiff cites no authority that such an agreement is a prerequisite to dismissal where, as here, there is no question that the foreign forum is "adequate"; *i.e.,* the defendants are amenable to suit in the other forum and the forum permits litigation of the subject matter of the dispute.  World Learning cannot reasonably be required to guarantee in advance that it would "respect a decision" or "pay a judgment" in the abstract any more than Plaintiff could be required to make such an advance guarantee as a prerequisite to invoking this Court's jurisdiction.  As noted above, any judgment entered by the Bolivian Labor and Security courts would be subject to appeal *by either party* to the National Court of Labor and Social Security, and to potential abrogation or annulment by the Supreme Court of Justice in its Social and Administrative Chamber.

If World Learning failed to comply with a valid, final Bolivian judgment in Bolivia, Plaintiff would avail herself of the processes for enforcement of that judgment.   Plaintiff's Opposition cites no authority for its suggestion that "if Defendant has no assets in Bolivia, a judgment rendered by a Bolivian court is merely advisory."  A judgment is not "advisory" merely because of the hypothetical possibility that the party against whom it is entered may not voluntarily comply with it.  Under this logic, all unsatisfied judgments could be disregarded as "merely advisory."

Plaintiff's reliance on *Nemariam v. Fed. Dem. Rep. Ethiopia, et al,* 315 F.3d 390

---

Appeal, and the Supreme Court of Justice in its Social and Administrative Chamber, as the Court of Cassation (abrogation and annulment), and permits such courts to exercise their jurisdiction, at plaintiff's option, either at the place where the plaintiff provided services, the place of the contract, or the defendant's domicile.  See Rojas Declaration, Exhibit 4, attached. Accordingly the attached Supplemental Certification (Exhibit 5) expands World Learning's consent to include all of the these courts, in La Paz as well as Cochabamba.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

(D.C.Cir. 2003) is unavailing.  In *Nermariam*, the plaintiff sought recovery from the government of Ethiopia under international law for property damage suffered during the border war between Ethiopia and Eritrea, and invoked the court's jurisdiction under the international takings provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(3).  The district court granted Ethiopia's motion to dismiss on forum non conveniens grounds, holding that a Claims Commission established in connection with the peace treaty that ended the war was an adequate forum.  The D.C. Circuit Court of Appeals reversed, holding that "the Commission's inability to make an award directly to Nemariam, and Eritrea's ability to set off Nemariam's claim, or an award to Eritrea based upon her claim, against claims made by or an award in favor of Ethiopia, render the Commission an inadequate forum; the 'remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all.'"  *Nermariam* does not hold, as Plaintiff suggests, that a "forum in which Plaintiff will not be able to enforce a judgment is not an adequate alternative."

      Further, Plaintiff's assertion that she "will not be able to enforce a judgment" against World Learning in Bolivia is completely unsubstantiated.  The possibility that World Learning may not presently have possession of sufficient assets in Bolivia to satisfy a judgment that might potentially be rendered against it does not mean that World Learning Would not pay the judgment.   World Learning has never failed to pay a final judgment entered against it in any jurisdiction, foreign or domestic.  *See Rae Declaration*, Exhibit 4, ¶ 27. And, as Plaintiff acknowledges, her remedy in the hypothetical event of an unsatisfied Bolivian judgment would be to enforce the judgment in another jurisdiction where World Learning may have attachable assets, such as Vermont.[4]  Any potential challenges that Plaintiff might encounter in enforcing an

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

---

[4] *See, e.g., Automotores Galindo, S.A. v. Ford Motor Co.,* 2015 WL 4606561 (S.D.Fla. 2015) (declining to enforce Bolivian judgment under Florida Uniform Out of Country Foreign Money Judgment Recognition Act)*; de la Mata v.*

unsatisfied Bolivian judgment against World Learning are outweighed by the greater challenges World Learning would encounter in enforcing a U.S. judgment in favor of World Learning or against Plaintiff in Bolivia. See *Rojas Declaration,* Exhibit 5, ¶ 37.

Plaintiff's vague allegations of corruption are insufficient to support a finding that the Bolivian courts are not adequate. A key purpose of the *forum non conveniens* doctrine is to avoid "unnecessary indictments of our judges condemning the sufficiency of the courts and legal methods of other nations". *Monegasque de Reassurances S.A.M. (Monde Re) v. Nak Naftogaz of Ukraine*, 158 F.Supp.2d 377, 385 (S.D.N.Y. 2001). Consequently, "[t]o demonstrate that a foreign nation is an inadequate forum due to corruption, a party must make a "powerful showing" that includes specific evidence." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1226 (9th Cir. 2011) (citing *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1179 (9th Cir. 2006)). Generalized averments of corruption are insufficient to meet this standard, *id.*, and succeeding on such a showing is exceedingly rare. *Tuazon*, 433 F.3d at 1179 (noting that, at the time, only two federal cases had ever found alternative forums inadequate due to corruption). Here, all Plaintiff has offered to establish corruption in the Bolivian courts is a conclusory affidavit, a citation of an almost-30-year-old case with facts inapposite to the present proceeding, and an interpretation of a Spanish-language United Nations report.[5] This evidence does not

---

*American Life Ins. Co*., 771 F.Supp. 1375 (D.Del. 1991) (recognizing Bolivian judgment under doctrine of comity, but declining to enforce the judgment due to plaintiff's failure to inform the Bolivian court that she had signed a waiver of claims).

[5] According to the U.S. Department of State:  "The United States established diplomatic relations with Bolivia in 1849 following its independence from Spain.  Beginning in 2008, the Bolivian government's decisions to expel the U.S. ambassador, U.S. law enforcement, and development cooperation agencies strained the bilateral relationship between the United States and Bolivia.  Despite these challenges, the United States maintains a strong and respectful relationship with the Bolivian people, with whom we work to advance human rights, entrepreneurship, and cultural and educational initiatives.  The United States celebrated the democratic success of Bolivia's October 2020 elections and expressed our best wishes for a productive, mutually respectful relationship with the current administration.  However, the United States remains concerned by anti-democratic actions and the politicization of the legal system."  U.S. Relations with Bolivia, Bilateral Relations Fact Sheet, Bureau of Western Hemisphere Affairs (U.S. Dept. of State, July 27, 2023).  https://www.state.gov/u-s-relations-with-bolivia/  The concerns about "anti-democratic actions and the politicization of the

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

come anywhere near the level of power and specificity required to establish that the Bolivian courts provide "no remedy at all." *Piper*, 454 U.S. at 254.

Finally, with respect to the choice of forum analysis, if this case were not subject to dismissal on *forum non conveniens grounds*, it would be dismissed for failure to state a claim, since the benefits Plaintiff seeks under Bolivian code law can only be determined and awarded by the Bolivian courts of special and exclusive jurisdiction.  *See, e.g., Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015).

***Balance of Interests.***  The case of *Abdullah v. Pfizer, Inc*., 562 F.3d 163, 189 (2d Cir. 2009), cited in Plaintiff's Opposition (Doc. 17, 6/8), is inapposite.  There, a large group of Nigerian children and their guardians sued a U.S. drug company under the Alien Tort Statute, 28 U.S.C.A. § 1350 by violating a customary international law norm prohibiting involuntary medical experimentation on humans.  Here, in contrast, a single Bolivian plaintiff asserts claims that arise entirely under the laws of Bolivia, involving alleged events and transactions that all occurred in Bolivia, for benefits that are subject to the exclusive jurisdiction of specialized Bolivian courts.  Moreover, Plaintiff's Opposition omits the critical qualifications in the *Abdullah* decision that immediately follows the sentence cited in the Opposition:

> The defendant bears the burden of establishing that a presently available and adequate alternative forum exists, and that the balance of private and public interest factors tilts heavily in favor of the alternative forum. *USHA (India), Ltd.,* 421 F.3d at 135; *PT United Can Co. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 74 (2d Cir.1998). **Absent a showing of inadequacy by a plaintiff, "considerations of comity preclude a court from adversely judging the quality of a foreign justice system." *PT United Can Co.,* 138 F.3d at 73. Accordingly, while the plaintiff bears the initial burden of producing evidence of corruption, delay or lack of due process in the foreign forum, the defendant bears the ultimate burden of persuasion as to the adequacy of the forum**. *See, e.g., Norex,* 416 F.3d at 159–160.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

---

legal system" in no way suggest that the Bolivian Labor and Security courts are inadequate to adjudicate Plaintiff's claims for Labor and Social Security benefits.

562 F.3d at 189 (emphasis added).  Here, Plaintiff has failed to satisfy her initial burden of producing evidence of corruption, delay or lack of due process in the Bolivian courts. World Learning has more than met its burden of establishing that it is "amenable to suit in the other forum and the forum permits litigation of the subject matter of the dispute."  *Online Payment Solutions*, 638 F.Supp.2d at 384-85 (internal citations omitted).

Plaintiff concedes that the public interest factors weigh in favor of dismissal, but unreasonably minimizes that weight.  In *In re Hellas Telecommunications (Luxembourg) II SCA*, the sole authority cited in Plaintiff's Opposition addressing this factor, the court granted the defendant's *forum non conveniens* motion and stayed the adversary proceeding, holding that the public factors weighed in favor of the alternative U.K. forum for the same reasons that support dismissal in favor of the Bolivian forum in the present case.  555 B.R. at 348-350.   As noted, Plaintiff has already filed her claims in the appropriate Bolivian forum.  Numerous courts have found that the public interest favors dismissal where there is a parallel litigation arising out of the same or similar facts already pending in a foreign jurisdiction.  *Id.*, 555 B.R. at 353-54. The Court should avoid attempting to interpret and apply Bolivian law when a Bolivian court of competent, specialized and exclusive jurisdiction can do so in Bolivia.  *Id.*, at 354.  Moreover,

> [p]ublic interests that should be considered include ". . . local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty." . . . These factors overwhelmingly indicate that this case should be dismissed on grounds of *forum non conveniens.*

*Levien v. hibu plc*, 475 F.Supp.3d 429, 444 (E.D. Pa. 2020) (citing *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869 (3d Cir. 2013). *Accord, Piper Aircraft*, 454 U.S. at 241 n.6.  Thus, in *Levien*, although one of the plaintiffs was a Pennsylvania resident and an unspecified number of corporate meetings took place in Pennsylvania, the court held that "the burden that learning and

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

11

applying English law would impose on the Court" and "the unfairness of burdening Pennsylvania residents with jury duty to resolve a dispute that bears little connection to this district weighs in favor of *forum non conveniens dismissal*." 475 F.Supp.3d at 445-46. These considerations weigh even heavier in favor of dismissal in the present case, in which the only plaintiff is a Bolivian citizen, and all of the relevant events occurred in Bolivia and are governed by Bolivian code law entrusted to the exclusive jurisdiction of specialized Bolivian courts. *Accord, Navarette*, 635 F.Supp.2d at 263 ("In light of the inherent risks of misinterpretation of a foreign body of law to the various substantive issues in this case, it will be more efficient that the matter be tried by a Mexican court given its greater expected ability to understand and apply correctly the applicable Mexican law").

With respect to the balancing of private interests, the location of evidence and witnesses relevant to a defendant's counterclaims or defenses in the alternate jurisdiction, who could not be compelled to appear in this Court, also weighs in favor of dismissal. *Lambert v. Melia Hotels International S.A.*, 526 F.Supp.3d 1207, 1219 (S.D. Fla. 2021); *see also Piper*, 454 U.S. at 258. While there is no indication that Plaintiff requires access to any witnesses or evidence in the U.S. to establish her claims in the Bolivian Labor and Security Courts, World Learning has defenses to Plaintiff's claims, including fraud and theft, which rely on the testimony of Bolivian nationals and documents and data held by Bolivian-based entities. A defendant seeking a *forum non conveniens* dismissal is not required to specifically identify witnesses in the alternate forum. *See Piper*, 454 U.S. at 258 ("Such detail is not necessary"). However, the attached Declarations of Lisa Rae and Pablo Rojas (Exhibits 4 and 5) identify at least the following individuals and entities as likely sources of relevant information in Bolivia, beyond the reach of this Court's compulsory process:

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

- University Mayor de San Simon, Centro de Estudios Superiores Universitarios (CESU)
- Banco Santa Cruz
- La Paz land title records
- La Paz Financial Ministry records
- Four Spanish language teachers
- Carmen Rocio Jiminez Alvarellos
- Wilma Patricia Parra
- Brother(s) of Wilma Patricia Parra.

The "significant amount of evidence located in [Bolivia] far outweighs the evidence in this forum, which favors forum non conveniens dismissal." *Levien*, 475 F.Supp.3d at 446-47.

Similarly, World Learning is not concerned about *Plaintiff's* ability to enforce in Bolivia any judgment that might be rendered in this Court. Rather, World Learning is concerned about its own ability to enforce a judgment of this Court in Bolivia. There is no assurance that the Bolivian courts would respect this Court's judgment as conclusive on any claims or issues. There is a significant risk that World Learning could be exposed to double jeopardy in Bolivia for Plaintiff's claims or compelled to relitigate its claims against Plaintiff in Bolivia, regardless of what is decided by this Court. The way to avoid that risk is to dismiss this action in favor of the Bolivian courts.

Plaintiff provides no explanation or support for her conclusory assertion that "it is more expeditious and less expensive for the parties to litigate here, rather than in Bolivia." For a number of reasons, this is clearly incorrect. The Bolivian Labor Procedural Code provides for an inexpensive and expeditious process that is overwhelmingly favorable to the plaintiff employee. *See Rojas Declaration*, Exhibit 5, ¶ 11. In contrast, the rules of this Court provide for pleadings (including counterclaims), motion practice, discovery tools, and rules of evidence which are not available under the Bolivian Labor Procedural Code. Given this, "a plausible likelihood exists that the forum selection was made for forum-shopping reasons," and "even if

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

13

forum shopping reasons did not inform the foreign plaintiff's decision to file an action in a U.S. court, there is nonetheless little reason to assume that it is convenient for a foreign plaintiff." *Hellas Telecom*, 555 B.R. at 346.

All of the applicable public and private interest factors weigh in favor of dismissal. Some of the interests, such as the interest in allowing a court in Bolivia to resolve a dispute that concerns a Bolivian plaintiff, the need to apply foreign law, and the location of the evidence, weigh especially heavy in favor of the foreign forum. The "balance of factors is strongly in favor of Defendants, which indicates that the court should not defer to Plaintiff's choice of forum and should instead dismiss this case for *forum non conveniens*." *Levien,* 475 F.Supp.3d at 447 (citing *Lacey v. Cessna Aircraft Co*., 862 F.2d 38, 43 (3d Cir. 1988).

## **CONCLUSION**

For the reasons discussed above, as well as in World Learning's principal Motion, the Court should dismiss this action for forum *non conveniens*. The Court may condition such dismissal upon World Learning's consenting to suit in Bolivia and on the Bolivian court's accepting jurisdiction.

DATED at Burlington, Vermont this 30th day of October, 2023.

        WORLD LEARNING, INC.

        BY:  PAUL FRANK + COLLINS P.C.

           */s/ Stephen D. Ellis*
By:    */s/ Carl "Ott" Lindstrom*
        Stephen D. Ellis, Esq.
        Carl "Ott" Lindstrom, Esq.
        P.O. Box 1307
        Burlington, VT  05402-1307
        T:  (802) 658-2311
        F:  (802) 658-0042
        E:    sellis@pfclaw.com
             olindstrom@pfclaw.com